1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

MYRIAM ZAYAS,

9
                          Plaintiff,          CASE NO. 2:20-CV-01001-MAT
10
        v.
11                                            ORDER
     MARIAH KRAUSE and JAMAAL MAGEE,
12
                          Defendants.
13

14        BEFORE THE COURT is *pro se* Plaintiff Myriam Zayas' "Statement of Facts" filed on

15  October 3, 2022 (Dkt. 22). The Court liberally construes Plaintiff's filing as either a request for

16  relief from the judgment under Federal Rule of Civil Procedure 60(b) or as a motion for

17  reconsideration under Local Rules W.D. Wash. LCR 7(h). *See Erickson v. Pardus*, 551 U.S. 89,

18  94 (2007) ("A document filed pro se is 'to be liberally construed' . . . .") (quoting *Estelle v. Gamble*,

19  429 U.S. 97, 106 (1976)).

20                          **PROCEDURAL HISTORY**

21        Plaintiff filed this case on June 25, 2020, alleging that Defendants Mariah Krause and

22  Jamaal Magee (Defendants) violated her civil rights. Dkt. 1. On October 5, 2020, the parties filed

23  a stipulated motion to dismiss with prejudice all of Plaintiff's complaints against Defendants

ORDER
PAGE - 1

(Dkt. 19). The Court granted the motion and dismissed with prejudice Plaintiff's action against

Defendants on October 6, 2020 (Dkt. 20) (Dismissal Order).

## DISCUSSION

To the extent that Plaintiff's filing can be liberally construed as a request for relief from a

final judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure, Plaintiff has not

shown that she meets the grounds for relief in this case. Under Rule 60(b), the Court may relieve

a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed
> or vacated; or applying it prospectively is no longer equitable; or (6)
> any other reason that justifies relief.

Fed. R. Civ. P. 60(b). First, Plaintiff's filing references that her federal court cases[1] may have been

improperly dismissed because she filed "too many amended complaints." Dkt. 22, at 2. The

Dismissal Order at issue in this case, however, was based on the parties' stipulated motion and did

not reference the filing of too many amended complaints. Accordingly, Plaintiff's reasoning does

not apply to the Dismissal Order. Second, the parties stipulated to a dismissal with prejudice, and

the stipulated motion contained specific language that Plaintiff "agrees and understanding that she

cannot later file another lawsuit asserting the same claims or causes of action against defendants

Mariah Krause and Jamaal Magee that plaintiff has asserted against these same defendants in this

present lawsuit." Dkt. 19, at 1–2. Accordingly, Plaintiff was made sufficiently aware of the effect

---

[1] In Plaintiff's filing, Plaintiff identifies several actions filed in the Western District of Washington, including the above-captioned matter. Dkt. 22, at 2.

ORDER
PAGE - 2

of dismissing the matter with prejudice. Finally, Plaintiff's request has not been made within a reasonable time as nearly two years have passed since the entry of the Dismissal Order and the date of Plaintiff's filing. *See* Fed. R. Civ. P. 60(c)(1) (providing that a motion under Rule 60(b) must be made "no more than a year after the entry of the judgment or order of the date of the proceeding"). Therefore, to the extent that Plaintiff's filing can be liberally construed as a request for relief from a final judgment or order under Rule 60(b), the Court denies it.

To the extent that Plaintiff's filing could be liberally construed as a motion for reconsideration under LCR 7(h), Plaintiff not shown that she meets the grounds for reconsideration in this case. "Motions for reconsideration are disfavored," and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff has made neither showing here. Further, a motion for reconsideration must "be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2). Plaintiff's filing was made well outside of this period. Therefore, to the extent that Plaintiff's filing could be liberally construed as a motion for reconsideration under LCR 7(h), the Court denies it.

## **CONCLUSION**

For the reasons set forth above, to the extent the Plaintiff's filing can be liberally construed as a motion for relief under Rule 60(b) or as a motion for reconsideration under LCR 7(h), the Court DENIES Plaintiff's "Statement of Facts" (Dkt. 22).

DATED this 5th day of October, 2022.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 3